UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG-DARNELL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.  25-cv-10901-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

For the reasons discussed below, this Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for plaintiff Craig-Darnell Johnson's failure to comply with the Court's prior order and failure to prosecute this action.

**REPORT AND RECOMMENDATION**

I.      **BACKGROUND**

On December 22, 2025, Mr. Johnson, who is representing himself, filed this lawsuit against defendant Bank of America, N.A.[1]  Dkt. No. 1.

On March 17, 2026, the Court issued an order stating: "The docket reflects that Mr. Johnson has not presented proposed summons to the Clerk's Office for issuance, which is required to properly serve a defendant. . . . Defendant has not appeared in this action, and there is no indication that defendant has waived service of summons or otherwise been properly served."

---

[1] Because Mr. Johnson paid the filing fee, the Court did not screen Mr. Johnson's complaint pursuant to 28 U.S.C § 1915(e).  *See* Dkt. No. 1-3.

Dkt. No. 3 at 1.  The Court directed Mr. Johnson to file a status report regarding the status of his efforts to complete service on defendant by March 27, 2026.  *Id.*  The Court also cautioned Mr. Johnson that "[i]f Mr. Johnson fails to respond to this order or to otherwise timely obtain an extension of the service deadline for good cause shown, the Court may order this matter reassigned to a district judge with the recommendation that the case be dismissed without prejudice for failure to prosecute."  *Id.* at 1-2.

Mr. Johnson did not timely file a status report by March 27, 2026, as ordered.  The docket also reflects that Mr. Johnson has not presented proposed summons to the Clerk's Office.  Nor is there any indication that Mr. Johnson has served the complaint as required by Rule 4 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(c), (h), (m).

## II.   DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Dismissal, nonetheless, is a harsh penalty and should be used only in extreme circumstances.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id*. (quotations and citation omitted).  In view of Mr. Johnson's failure to comply with the Court's order, failure to present proposed summons to the Clerk's Office for issuance, and failure to serve defendant, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants.  *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a

United States District Court
Northern District of California

particular case interferes with docket management and the public interest." *Id*. Mr. Johnson's failure to comply with the Court's order and failure to prosecute this matter have delayed the resolution of this litigation, weighing in favor of dismissal. Mr. Johnson's non-responsiveness and non-compliance have "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. (quotations and citation omitted). This factor may be considered neutral here, insofar as defendant has not been served. But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice may depend in part on the plaintiff's reason for defaulting. *Id*. at 642-43. Despite being given ample opportunity to do so, Mr. Johnson has provided no explanation for his failure to comply with the Court's order or to pursue this matter. His failure to offer any explanation weighs in favor of dismissal. *See, e.g., Chico v. Wells Fargo Bank, N.A.*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."); *cf. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court's March 17, 2026 order cautioned Mr. Johnson that this action may be dismissed for his failure to prosecute this case. *See* Dkt. No. 3. This factor weighs in favor of dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643. Even so, the other four factors weigh in favor of dismissing this action.

## III.    CONCLUSION

As defendant has not appeared in this action, the Court does not have the consent of all

United States District Court
Northern District of California

3

parties to magistrate judge jurisdiction and therefore lacks the authority to order the action dismissed. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court orders this case be reassigned to a district judge with the recommendation that Mr. Johnson's complaint be dismissed without prejudice for failure to comply with the Court's prior order and failure to prosecute this action.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: April 1, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California